# United States Court of Appeals
# for the Fifth Circuit

_____

No. 22-50907
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
June 20, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Simon Mendez-Alvarez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:22-CR-205-1

_____

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Simon Mendez-Alvarez appeals his concurrent sentences for visa fraud under 18 U.S.C. § 1546, and illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2). Mendez-Alvarez argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the applicable maximum in § 1326(a), based on facts neither alleged in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50907

the indictment nor found by a jury beyond a reasonable doubt. Mendez-Alvarez acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. Accordingly, Mendez-Alvarez has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). As Mendez-Alvarez concedes that his argument is foreclosed, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Mendez-Alvarez's motion is GRANTED, and the district court's judgment is AFFIRMED.